1  SEAN C. CUNNINGHAM, Bar No. 174931
   sean.cunningham@us.dlapiper.com
2  TIFFANY C. MILLER, Bar No. 246987
   tiffany.miller@us.dlapiper.com
3  DAVID R. KNUDSON, Bar No. 265461
   david.knudson@us.dlapiper.com
4  DLA PIPER LLP (US)
   4365 Executive Drive, Suite 1100
5  San Diego, California 92121-2133
   Telephone:  858-677-1400
6  Facsimile:  858-677-1401

7  Attorneys for Plaintiff RESMED CORP.

8

9               UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11 | RESMED CORP., | CASE NO.  23-cv-00500-TWR-JLB |
| --- | --- |
| 12              Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT** |
| 13 v. | **DEMAND FOR JURY TRIAL** |
| 14 CLEVELAND MEDICAL DEVICES, INC., | |
| 15              Defendant. | |
| 16 | |

17         Plaintiff ResMed Corp. files this Complaint for Declaratory Judgment of Noninfringement

18 against Defendant Cleveland Medical Devices, Inc. ("CleveMed"), and in support of its

19 Complaint alleges as follows:

20                    <u>**NATURE OF THE ACTION**</u>

21         1.     This is an action for a declaratory judgment of noninfringement arising from the

22 patent laws of the United States, Title 35 of the United States Code, based on United States Patent

23 No. 11,602,284 ("the '284 patent"), which issued on March 14, 2023 and purports to be assigned

24 to Defendant CleveMed.

25         2.     Plaintiff ResMed Corp. is a global leader in digital health and cloud-connected

26 medical devices.  ResMed Corp. provides digital health technologies and cloud-connected

27 medical devices that transform care for people with sleep apnea, chronic obstructive pulmonary

28 disease, or COPD, and other chronic diseases.  ResMed Corp. also provides comprehensive out-

of-hospital software platforms that support the professionals and caregivers who help people stay healthy in the home or care setting of their choice.

3.      The United States Patent and Trademark Office has awarded ResMed Corp. dozens of patents protecting the inventions underlying ResMed Corp.'s innovative products. Many well-known and highly successful features of ResMed Corp.'s products were made possible by the hard work and innovation of ResMed Corp.'s hundreds of engineers.

4.      Plaintiff ResMed Corp. is responsible for importing, marketing, and selling ResMed-branded products in the United States.

5.      Through its actions and statements, Defendant CleveMed has created a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Plaintiff ResMed Corp.'s products infringe the '284 patent.  A true and correct copy of the '284 patent is attached hereto as **Exhibit 1**.

6.      In ongoing litigation between the parties, CleveMed has claimed that certain products supplied in the United States by ResMed Corp. infringe patents that are related to the '284 patent.  However, these ResMed products do not infringe the '284 patent, as alleged below.

7.      Therefore, there is and remains a substantial controversy between Plaintiff ResMed Corp. and Defendant CleveMed of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of noninfringement of the '284 patent.  Plaintiff ResMed Corp. brings this action to obtain a declaratory judgment that its products, including at least the ResMed Astral and Stellar ventilators and AirSense 10, AirCurve 10, AirSense 11, and AirMini CPAP devices (collectively the "ResMed Accused Products") do not infringe at least the claims of the '284 patent identified below, directly or indirectly, literally or under the doctrine of equivalents.

## THE PARTIES

8.      Plaintiff ResMed Corp. is a Minnesota corporation having its principal place of business at 9001 Spectrum Center Blvd., San Diego, California 92123, within this judicial District.

/////

9.      On information and belief, Defendant CleveMed is a corporation organized and existing under the laws of the State of Ohio having a principal place of business at 4415 Euclid Ave., Cleveland, Ohio 44103.

**JURISDICTION AND VENUE**

10.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, as well as under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.     This Court can provide the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.  An actual case and controversy exists as alleged below.

12.     Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400, because on information and belief, Defendant CleveMed has directed and continues to direct acts to this District, including acts pertaining to the '284 patent. In connection with its business, Defendant CleveMed has targeted companies located in this District, including ResMed Corp.  On information and belief, Defendant CleveMed has contracted with companies in this District to sell certain of CleveMed's products, which CleveMed alleges practice its patents.  For these reasons and for those stated below, Defendant CleveMed had and has continuous and systematic contacts within the State of California, including this District, and has purposefully directed business activities into and in this District. In addition, a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District, and CleveMed is subject to personal jurisdiction in this District.

13.     Defendant CleveMed has purposefully availed itself of the benefits of California law and has more than sufficient minimum contacts with California, including within this District, such that this declaratory judgment action meets the requirements of California's long-arm statute.

14.     Plaintiff ResMed Corp. resides in this District and Defendant CleveMed has alleged in a lawsuit filed in the District of Delaware that the parent company of ResMed Corp.,

1   ResMed Inc., infringes patents related to the '284 patent, and that various products supplied by

2   Plaintiff ResMed Corp. infringe those patents.

3          15.     CleveMed previously approached ResMed Corp. about CleveMed's patents,

4   including pending patent applications that later issued that are related to the '284 patent and that

5   are asserted in the Delaware Action (defined below).  On numerous occasions, CleveMed has

6   contacted ResMed Corp. employees in this District about CleveMed's patents, including those

7   related to the '284 patent.

8          16.     Certain of the claims of the '284 patent, which issued on March 14, 2023, appear

9   to have been drafted in an unsuccessful effort by CleveMed to cover ResMed Corp.'s products,

10   and thus the threat of litigation by CleveMed against ResMed Corp. for alleged infringement of

11   the '284 patent is real and immediate.

12          17.     The Court's exercise of jurisdiction over CleveMed will not offend traditional

13   notions of fair play and substantial justice.

14          18.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.  Pursuant to

15   Ninth Circuit and Federal Circuit law, venue in declaratory judgment actions for noninfringement

16   of patents is determined under the general venue statute, 28 U.S.C. § 1391.  Under 28 U.S.C. §

17   1391(b)(1), venue is proper in any judicial district where a defendant resides, and an entity with

18   the capacity to sue and be sued, such as CleveMed, is deemed to reside in any judicial district in

19   which such defendant is subject to the court's personal jurisdiction with respect to the civil action

20   in question under 28 U.S.C. § 1391(c).

21          19.     As alleged above, CleveMed is subject to personal jurisdiction in this District for

22   purposes of this action, and thus CleveMed resides in this District for purposes of 28 U.S.C. §

23   1391.

24          20.     This District is also a convenient forum for this action because, among other

25   things, ResMed Corp. and the witnesses and evidence concerning the ResMed Corp. products are

26   located in this District.

27          21.     For these reasons and the reasons set forth below, a substantial controversy exists

28   between the parties of sufficient immediacy and reality to warrant declaratory relief.

## BACKGROUND

**A.    CleveMed Sues ResMed Inc. In The District Of Delaware.**

22.    On June 16, 2022, CleveMed sued ResMed Inc. in the United States District Court for the District of Delaware in Civil Action No. 22-794 (the "Delaware Action").  In the Delaware Action, which is pending, CleveMed alleged that ResMed Inc. infringes eight patents purportedly assigned to CleveMed, including United States Patent No. 10,076,269 ("the '269 patent").  A true and correct copy of CleveMed's Complaint in the Delaware Action is attached hereto as **Exhibit 2**.

23.    The '269 patent, entitled "Devices and Methods for Sleep Disorder Diagnosis and Treatment," issued on September 18, 2018 to inventors Hani Kayyali, Robert Schmidt, Mohammad Modarres-Zadeh, and Brian Kolkowski, and purports to be assigned to Defendant CleveMed.  A true and correct copy of the '269 patent is attached hereto as **Exhibit 3**.

24.    In the Delaware Action, CleveMed accuses ResMed Inc. of infringing all four independent claims of the '269 patent, claims 1, 5, 8, and 15.  CleveMed accuses the following ResMed-branded products of infringing the '269 patent, among others: (1) the AirSense 10 CPAP, Elite, AutoSet, and AutoSet for Her devices; (2) the AirSense 11 CPAP, Elite, and AutoSet devices; (3) the AirCurve 10 S, ST, VAuto, and ASV devices; (4) the Stellar 100 and 150 ventilator devices; (5) the Astral 100 and 150 ventilator devices; and (6) the AirMini CPAP, AutoSet, and AutoSet for Her devices (collectively the "Delaware Accused Products").

25.    In the Delaware Action, CleveMed alleges that ResMed Inc. infringes the asserted claims of the '269 patent, literally or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Delaware Accused Products "without the permission, consent, authorization, or license of CleveMed."  *See* Ex. 2 at ¶ 83.  CleveMed further accuses ResMed Inc. of indirectly infringing the asserted claims of the '269 patent by instructing, directing, and/or requiring others, including its customers, partners, purchasers, and users to use the Delaware Accused Products and/or perform all or some of the steps recited in the asserted claims of the '269 patent, either literally or under the doctrine of equivalents, and by providing a material component for use in a patented process, when such material component is

particularly suited for use in the infringement of the '269 patent, and is not a staple article suitable for substantial noninfringing use.  *Id.* ¶ 99.

26.    On or about August 1, 2022, ResMed Inc. informed CleveMed that ResMed Inc. is not the entity against which CleveMed can obtain relief for the claims asserted in the Delaware Action.  In particular, ResMed Inc. explained that it is a holding company for its operating subsidiaries, which in turn design, manufacture, market, and sell the Delaware Accused Products. ResMed Inc. further informed CleveMed that ResMed Corp. (the Plaintiff in this action) imports, markets, and sells the Delaware Accused Products in the United States.  A true and correct copy of ResMed Inc.'s communication to CleveMed is attached hereto as **Exhibit 4**.  Despite ResMed Inc.'s communication, CleveMed refused to dismiss the Delaware Action and/or to seek to amend its Delaware Complaint to name the correct ResMed entity, and still has not done so.

27.    As a result, on August 15, 2022, ResMed Inc. filed a motion to dismiss the Delaware Action, asserting (among other things) that CleveMed failed to name the correct ResMed entity as a defendant in the Delaware Action and failed to adequately plead that ResMed Inc. is liable for the actions of ResMed Corp.  ResMed Inc.'s brief in support of its motion to dismiss the Delaware Action is attached hereto as **Exhibit 5**.  That motion remains pending.

**B.    The '284 Patent Issues On March 14, 2023.**

28.    The '284 patent issued on March 14, 2023.  Like the '269 patent in the Delaware Action, the '284 patent is a continuation stemming from Application No. 11/266,899 ("the '899 Application"), filed on November 4, 2005, now United States Patent No. 8,172,766.  Thus, the '284 and '269 patents are part of the same family of patents.  The '284 and '269 patents also: (a) have the same title, "Devices and Methods for Sleep Disorder Diagnosis and Treatment"; (b) list the same named inventors, Hani Kayyali, Robert Schmidt, Mohammad Modarres-Zadeh, and Brian Kolkowski; and (c) identify the same assignee, Defendant CleveMed.

29.    The '284 patent comprises 20 claims, including one independent claim, claim 1. Claim 1 recites a positive airway pressure sleep disorder treatment system comprising a non-transitory computer readable medium, a PAP device, and remote internet site adapted to receive data generated by the PAP device.

30.     CleveMed's actions in filing the Delaware Action alleging that ResMed Inc. infringes the '269 patent, among its other actions, establishes a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the ResMed Accused Products practice the asserted claims of a related patent involving the same technology; namely, the '284 patent.  Further, CleveMed's allegations that the Delaware Accused Products practice the '269 patent and that ResMed Inc. purportedly requires a license to the '269 patent establishes a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of noninfringement of a related patent involving the same technology; namely, the '284 patent.

**COUNT ONE**

**<u>Noninfringement Of U.S. Patent No. 11,602,284</u>**

31.     ResMed Corp. incorporates by reference the preceding allegations of its Complaint.

32.     In the Delaware Complaint, CleveMed accuses ResMed Corp.'s parent company, ResMed Inc., of directly and indirectly infringing the '269 patent pursuant to 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing in the United States the ResMed Accused Products.  However, ResMed Corp. is the entity that actually makes, uses, offers for sale, sells, and imports in the United States the ResMed Accused Products.

33.     In the Delaware Action, CleveMed asserts that the ResMed Astral, Stellar, AirSense 10, AirCurve 10, AirSense 11, and AirMini products (among others) infringe the '269 patent.  As alleged above, the '269 and '284 parents are continuations stemming from the same parent patent application, share the same specification, and disclose the same technology.

34.     The ResMed Accused Products do not infringe the claims of the '284 patent, including at least claims 1-20 of the '284 patent, either directly or indirectly, literally or under the doctrine of equivalents, including through the making, use, offer for sale, or sale in, or importation into, the United States of the ResMed Accused Products.

/////

35.     The ResMed Accused Products also do not perform substantially the same function, in substantially the same way, to obtain substantially the same results as claims 1-20 of the '284 patent.

36.     By way of example, claim 1 of the '284 patent recites, among other things, a "first software … configured to be used with a cell phone to display to a subject for viewing on the cell phone …"; and the cell phone comprises "at least one first radio frequency wireless transceiver." *See* Ex. 1 at 23:60-24:10. Claim 1 also recites, among other things, "at least one second radio frequency wireless transceiver." *Id*. at 24:11-27.  Claim 1 also recites a "remote internet site adapted to receive data … transmitted via the at least one second radio frequency transmitter." The ResMed Astral and Stellar ventilators and ResMed cell phone software applications do not practice the limitation "display for viewing on the cell phone … an index of treatment efficacy," at least because ResMed cell phone software applications that display treatment data on a cell phone do not support the Astral and Stellar Products or data calculated by the Astral and Stellar products.  Additionally, the ResMed Astral and Stellar ventilators do not practice the limitation "PAP device with enclosure further comprising: … at least one second radio frequency wireless transceiver," at least because neither the Astral nor Stellar ventilators have transceivers in an enclosure.  Furthermore, the ResMed AirMini CPAP device does not practice the limitation "remote internet site adapted to receive data … transmitted via the at least one second radio frequency transmitter," at least because the claim requires that the second RF transmitter be located in the PAP device.  AirMini connects and sends data directly to a cell phone.  Thus, if the remote site receives data, if at all, it is transmitted by the first RF transmitter (*i.e*., the cell phone) and not from the AirMini device.  As another example, the ResMed AirMini CPAP device does not practice the limitation "a second processor adapted … for calculating the data of usage of the PAP device."

37.     Claim 2 of the '284 patent, which depends from claim 1, recites "[t]he system of claim 1, wherein the at least one second radio frequency wireless transceiver of the PAP device and the first radio frequency wireless transceiver of the cell phone are adapted to communicate using Bluetooth wireless protocol." *Id*. at 24:36-40.  Claim 2 is not infringed at least for the same

COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT

reasons claim 1 is not infringed.  Also, Claim 2 is not infringed by the ResMed Astral and Stellar ventilators and AirSense 10 and AirCurve 10 CPAP devices at least because none of these devices implement Bluetooth and do not communicate directly with a cell phone.

38.    Claim 3 of the '284 patent, which depends from claim 1, recites "[t]he system of claim 1, wherein the at least one second radio frequency wireless transceiver is configured to transmit the data to the remote internet site and/or the cell phone of the data of the severity of the symptoms of the subject and/or the index, and the data of usage via in part by cell towers."  Claim 3 is not infringed at least for the same reasons claim 1 is not infringed.  Also, the ResMed Astral and Stellar ventilators do not practice the limitation "wherein the at least one second radio frequency wireless transceiver is configured to transmit the data … via in part by cell towers," at least because they do not have the claimed second wireless transceiver; that is, a second transceiver in the PAP enclosure described above with respect to claim 1.  Further, the ResMed AirMini CPAP device does not practice the limitation "wherein the at least one second radio frequency wireless transceiver [i.e. the FR transceiver in the PAP device] is configured to transmit the data … via in part by cell towers," at least because the AirMini does not have a cellular chip and cannot transmit data to a cell tower.  Instead, the AirMini can only transmit data directly to a cell phone via Bluetooth, and thus any communication with a cell tower is made via a cell phone and not from the AirMini.

39.    Claim 10 of the '284 patent depends from claim 9, which depends from claim 8, which depends from claim 7, which depends from claim 1.  Claim 14 of the '284 patent depends from claim 1 and is otherwise identical to claim 10.  Claims 10 and 14 are not infringed at least for the reason that the claims from which they depend are not infringed.  Also, the ResMed Accused Products do not comprise a "remote internet site … configured to retransmit to the first radio frequency wireless transceiver on the cell phone the data of the severity of the symptoms of the subject, the index, a second index and/or the data of usage related to the subject's treatment and the treatment's efficacy, in whole or part, calculated by the PAP device."  For example, the ResMed Astral and Stellar products are not supported by the ResMed cell phone software applications.  For the AirMini, AirSense 10, AirCurve 10, and AirSense 11 CPAP devices, the

1   ResMed cell phone software does not receive data retransmitted from a "remote internet site" as

2   claimed.

3       40.     Claims 4-9, 11-13, and 15-20 also depend from, directly or indirectly, claim 1, and

4   are not infringed at least for the same reasons claim 1 is not infringed.

5       41.     Accordingly, for the above exemplary reasons, the ResMed Accused Products do

6   not infringe at least claims 1-20 of the '284 patent, either literally or under the doctrine of

7   equivalents.

8       42.     Plaintiff ResMed Corp. also does not induce infringement of the '284 patent or

9   otherwise indirectly infringe the '284 patent for at least the reasons stated above and because

10  there is no direct infringement of the '284 patent, either literally or under the doctrine of

11  equivalents.

12      43.     Plaintiff ResMed Corp. also does not contribute to the infringement by others of

13  the '284 patent for at least the reasons stated above, because there is no direct infringement, and

14  because the ResMed Accused Products have substantial non-infringing uses.

15      44.     As set forth above, an actual controversy exists between Plaintiff ResMed Corp.

16  and Defendant CleveMed with respect to alleged infringement of the '284 patent, and this

17  controversy is likely to continue.  Accordingly, Plaintiff ResMed Corp. desires a judicial

18  determination and declaration of the respective rights and duties of the parties with respect to the

19  '284 patent.

20      45.     A judicial declaration is necessary and appropriate so that Plaintiff ResMed Corp.

21  may ascertain its rights regarding the claims of the '284 patent.

22                              **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff ResMed Corp. respectfully requests that judgment be entered:

24      A.      Declaring that Plaintiff ResMed Corp. does not infringe at least the identified

25  claims of the '284 patent, directly or indirectly, literally or under the doctrine of equivalents, by

26  the making, using, selling, offering to sell, and/or importing the ResMed Accused Products;

27      B.      Awarding Plaintiff ResMed Corp. its reasonable attorneys' fees under 35 U.S.C. §

28  285; and

DLA PIPER LLP (US)
SAN DIEGO

-10-
COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT

WEST\302263741.3

1          C.     Awarding any other remedy or relief to which Plaintiff ResMed Corp. may be

2    entitled and which is deemed appropriate by the Court.

3    **<u>DEMAND FOR JURY TRIAL</u>**

4         Plaintiff ResMed Corp. hereby demands trial by jury of all issues triable of right by a jury.

5    Dated:  March 20, 2023

6                               DLA PIPER LLP (US)

7

8                          By  *s/ Sean C. Cunningham*

                           SEAN C. CUNNINGHAM

9                               TIFFANY C. MILLER

                           DAVID R. KNUDSON

10

                           Attorneys for Plaintiff

                           RESMED CORP.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28