UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESMED CORP.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CLEVELAND MEDICAL DEVICES, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 23-CV-500 TWR (JLB)<br><br>**ORDER (1) VACATING HEARING, (2) DENYING DEFENDANT'S MOTION TO DISMISS, (3) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TRANSFER VENUE, (4) DENYING WITHOUT PREJUDICE AS MOOT DEFENDANT'S MOTION FOR JURISDICTIONAL DISCOVERY, AND (5) FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE UNDER THE FIRST-TO-FILE RULE**<br><br>(ECF No. 10) |

Presently before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) or, Alternatively, for Transfer under 28 U.S.C. § 1404(a) ("Mot.," ECF No. 10) filed by Defendant Cleveland Medical Devices, Inc.

("CleveMed"), as well as Plaintiff ResMed Corp.'s Response in Opposition to ("Opp'n," ECF No. 14) and Defendant's Reply in Support of ("Reply," ECF No. 15) the Motion. Having determined that the Motion is suitable for determination on the papers without oral argument, the Court **VACATES** the hearing scheduled for August 24, 2023, (*see* ECF No. 11), pursuant to Civil Local Rule 7.1(d)(1). Having carefully reviewed the Parties' arguments, Plaintiff's Complaint ("Compl.," ECF No. 1), the record, and the law, the Court **DENIES** Defendant's Motion to Dismiss (Mot. at 5–8), **DENIES** Defendant's Motion to Transfer (Mot. at 8–17), **DENIES WITHOUT PREJUDICE AS MOOT** Defendant's Motion for Leave to Conduct Jurisdictional Discovery (Mot. at 17–18), and **ORDERS** Plaintiff **TO SHOW CAUSE** why this action should not be transferred to the United States District Court for the District of Delaware under the first-to-file rule.

## BACKGROUND

### I. The Delaware Action

On June 16, 2022, Defendant sued Plaintiff's parent company, ResMed Inc., in the United States District Court for the District of Delaware in Civil Action No. 22-794 (the "Delaware Action"), alleging infringement of several of its assigned patents, including United States Patent No. 10,076,269 ("the '269 patent").[1] (*See* Compl. ¶¶ 22, 26, 32.) In the Delaware Action, Defendant accuses the following ResMed-branded products of infringing the '269 patent: the AirSense 10 CPAP, Elite, AutoSet, and AutoSet for Her devices; the AirSense 11 CPAP, Elite, and AutoSet devices; the AirCurve 10 A, ST, VAuto, and ASV devices; the Stellar 100 and 150 ventilator devices; the Astral 100 and 150 ventilator devices; and the AirMini CPAP, AutoSet, and AutoSet for Her devices (the "Delaware Accused Products"). (*See id.* ¶ 24.)

Plaintiff asserts that it makes, uses, offers for sale, sells, and imports ResMed products in the United States, whereas its parent company, ResMed Inc., is a holding

---

[1] The '269 patent issued on September 18, 2018. (*See* Delaware Action Complaint ¶ 14, ECF No. 1.)

company that is not responsible for the design, manufacture, or sale of products.  (*See id.*; *see also* Opp'n at 9.)  For these reasons, on August 15, 2022, Plaintiff filed a motion to dismiss the Delaware Action on the grounds that Defendant had failed to name the correct ResMed entity as a defendant and had failed adequately to plead that ResMed Inc. is liable for the actions of ResMed Corp.  (*See* Compl. ¶ 27.)  The Court takes judicial notice of the fact that, as of the date of this Order, Plaintiff's motion to dismiss the Delaware Action remains pending.  (*See generally* Delaware Action Docket.)

## II.    The Instant Action

On March 14, 2023, United States Patent No. 11,602,284 ("the '284 patent"), which is purportedly assigned to Defendant, was issued.  (*See* Compl. ¶ 1.)  According to Plaintiff, the '269 patent, which is the subject of the Delaware Action, and the '284 patent are "related," (*see id.* ¶¶ 6, 33), because both are continuations stemming from the same patent application and have the same title, list the same named inventors, and identify Defendant as their assignee.  (*See id.* ¶ 28.)

On March 20, 2023—less than a week after the '284 patent issued—Plaintiff filed the instant Complaint against Defendant, seeking a declaratory judgment of noninfringement of the '284 patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  (*See generally* Compl.)  Specifically, Plaintiff seeks to establish that the following ResMed-branded products do not infringe the '284 patent: the Astral and Stellar ventilators and the AirSense 10, AirCurve 10, AirSense 11, and AirMini CPAP devices (the "Accused Products").  (*See id.* ¶ 7.)  Plaintiff contends that the relatedness of the '284 and '269 patents has created a substantial controversy of sufficient immediacy and reality to warrant declaratory judgment.  (*See id.* ¶ 21.)

Defendant filed the instant Motion on June 5, 2023.  (*See* ECF No. 10.)

## DEFENDANT'S MOTION

Through its Motion, Defendant seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction on the grounds that there is no justiciable controversy.  (*See generally* Mot. at 5–8 (the "Mot. to Dismiss").)

Alternatively, Defendant requests that this Court transfer this action to the United States District Court for the District of Delaware to preserve judicial resources and for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).  (*See generally* Mot. at 8–17 (the "Mot. to Transfer").)  To the extent the Court declines to dismiss or transfer this action, Defendant seeks jurisdictional discovery regarding Plaintiff's ties to Delaware.  (*See generally* Mot. at 17–18 (the "Mot. for Jx. Discovery").)  The Court addresses—and denies—each of Defendant's requests in turn.

I. **Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

   A. ***Legal Standard***

A party may challenge the court's subject-matter jurisdiction through a motion filed pursuant to Rule 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*

"To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction."  *Stock W., Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).  The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

"The phrase 'case of actual controversy' refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."  *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1329 (Fed. Cir. 2014) (citations omitted) (internal quotation marks omitted).  Whether a case or controversy is justiciable pertains to a court's subject-matter jurisdiction.  *See White*, 227 F.3d at 1242.  Consequently, the issue of justiciability is properly raised pursuant to a motion to dismiss under Rule 12(b)(1).  *See id.*

/ / /

An action for declaratory judgment presents an actual controversy if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 119, 127 (2007). There is no "facile, all-purpose standard" to determine whether a declaratory judgment action satisfies the case or controversy requirement under Article III. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008). Rather, a court must consider "all-the-circumstances" to determine whether a patentee engaged in an affirmative act sufficient to confer subject-matter jurisdiction. *See MedImmune*, 549 U.S. at 127.

With respect to a declaratory judgment action for patent noninfringement, "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp. v. STMicroelecs., Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007); *see also Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1357 (Fed. Cir. 2013). This requires the declaratory judgment plaintiff to show that "the dispute is 'definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009) (quoting *MedImmune*, 549 U.S. at 127).

**B.    Analysis**

Defendant challenges the Court's subject-matter jurisdiction on the grounds that Plaintiff fails to assert an actual controversy sufficient to confer Article III jurisdiction. (*See generally* Mot. to Dismiss.) Defendant contends Plaintiff's declaratory judgment claim is based solely on its knowledge of the recently issued '284 patent, which "does not

/ / /

/ / /

/ / /

amount to a controversy of sufficient immediacy and reality to create a reasonable apprehension of litigation."[2] (*Id.* at 5.)

While it is true that knowledge of an adversely held patent alone does not suffice to establish subject-matter jurisdiction, "a history of patent litigation between the same parties involving related technologies, products, and patents is [a] circumstance to be considered" in determining whether such jurisdiction exists. *Danisco*, 744 F.3d at 1331. Here, Defendant concedes that the '284 patent is "related" to at least one of the patents asserted against Plaintiff's parent company in the Delaware Action. (*See* Mot. to Dismiss at 1, 5–6.) The relatedness of the '284 and the '269 patents is further demonstrated by the fact that both are continuations stemming from the same patent application, list the same named inventors, share similar figures and specifications, and contain similar claims directed to positive airway pressure sleep disorder treatment. (*Compare* the '284 patent, *with* the '269 patent; *see also* Mot. to Dismiss at 6.) The relatedness of the patents supports the existence of an actual controversy. *See, e.g.*, *Danisco*, 744 F.3d at 1331; *Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 21-CV-02769-LHK, 2021 WL 5085959, at *9 (N.D. Cal. Nov. 2, 2021).

Defendant additionally argues that because Plaintiff has not sought to join ResMed Inc.—the party being sued in the Delaware Action—Plaintiff cannot demonstrate reasonable apprehension of a threat of litigation with respect to any of Defendant's patents. (*See* Mot. to Dismiss at 6.) The relevant question, therefore, is whether a justiciable controversy can exist to confer subject-matter jurisdiction in a declaratory judgment action when a related patent has been asserted in a prior action against the *parent company* of a declaratory judgment plaintiff. In other words, this Court must determine whether Defendant's assertion of the related '269 patent against Plaintiff's parent company,

---

[2]   "While the Supreme Court rejected the reasonable apprehension of suit test as the sole test for jurisdiction, it did not completely do away with the relevance of a reasonable apprehension of suit. Rather, [] proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test to establish that an action presents a justiciable Article III controversy." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1226 (Fed. Cir. 2008).

ResMed Inc., in the Delaware Action creates an actual controversy between Defendant and Plaintiff regarding the '284 patent of sufficient immediacy and reality to confer subject-matter jurisdiction.

Plaintiff argues an actual controversy is demonstrated by the fact that Defendant's allegation of infringement in the Delaware Action is based on products that Plaintiff itself, rather than ResMed Inc., offers for sale in the United States. (*See* Opp'n at 1). Plaintiff claims it informed Defendant of this fact in a letter dated August 1, 2022, but that Defendant "refused to dismiss the Delaware Action or to seek to amend its Delaware complaint to name the correct ResMed entity, and still has not done so." (*See id.* at 4.) Plaintiff further claims that Defendant's discovery requests in the Delaware Action are directed at both ResMed Inc. and ResMed Corp. (*See id.* at 8.) Given the overlap between the Accused Products and the Delaware Accused Products, (s*ee* Compl. ¶¶ 7, 24), Plaintiff's assertion that it is the correct defendant to the Delaware Action and Defendant's attempts to obtain discovery regarding ResMed Corp.'s products suggest the existence of an actual controversy between Plaintiff and Defendant. *See Adidas AG v. Unequal Techs. Co.*, No. CV 16-52-LPS-CJB, 2016 WL 11696150, at *9 (D. Del. Nov. 23, 2016).

Lastly, Plaintiff claims it sent Defendant a letter—to which Defendant never responded—on June 7, 2023, requesting a covenant not to sue with respect to the '284 patent. (*See* Opp'n at 6.) Defendant has not acknowledged this letter in its Motion or its Reply. (*See generally* Mot.; Reply.) "[A] defendant's failure to sign a covenant not to sue is one circumstance to consider in evaluating the totality of the circumstances, [although] is not sufficient to create an actual controversy—some affirmative actions by the defendant will also generally be necessary." *Prasco, LLC*, 537 F.3d at 1341. Consequently, although not itself sufficient to establish the existence of an actual controversy, Plaintiff's letter requesting a covenant not to sue, and Defendant's lack of response and/or acknowledgement thereof, supports a finding that there exists an actual controversy regarding the '284 patent. *See 3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1381 (Fed.
/ / /

Cir. 2012) (noting that patentee's refusal to give a covenant not to sue, might, under the circumstances, show a case or controversy).

Considering all the circumstances, the Court agrees with Plaintiff that Defendant fails to demonstrate the lack of an actual controversy of sufficient immediacy and reality with respect to the '284 patent. The relatedness of the '269 and the '284 patents, the overlap between the instant Accused Products and the Delaware Accused Products, Plaintiff's assertion that it is the correct defendant to the Delaware Action, Defendant's seeking of discovery regarding both ResMed Inc. and RedMed Corp. in the Delaware Action, and Defendant's failure to respond to or acknowledge Plaintiff's letter requesting a covenant not to sue with respect to the '284 patent collectively suggest the existence of an actual controversy under Article III and, accordingly, that the Court has subject-matter jurisdiction over the present action. The Court therefore **DENIES** Defendant's Motion to Dismiss.

## II. Motion for Transfer of Venue

Alternatively, Defendant requests that this Court transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1404(a), (*see generally* Mot. to Transfer), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404. To secure a transfer under 28 U.S.C. § 1404(a), "the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

/ / /
/ / /
/ / /
/ / /

Although the Court would be inclined to find that venue is improper in this District,[3] the Court concludes that Defendant has waived any such challenge.  *See* Fed. R. Civ. P.

---

[3]  "Venue in a declaratory judgment action for patent noninfringement [] is governed by the general venue statute."  *U.S. Aluminum Corp. v. Kawneer Co.*, 694 F.2d 193, 195 (9th Cir. 1982) (citations omitted).  Under the general venue statute, "[a] civil action may be brought in . . . a judicial district in which any defendant resides."  28 U.S.C. § 1391(b)(1).  A defendant entity, such as CleveMed, "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).

Plaintiff asserts that venue is proper in this District because Defendant has contracted with companies in this District to sell products that practice its patents, (*see* Compl. ¶ 12), and that Defendant has contacted ResMed Corp. employees in this District about its patents, including patents related to the '284 patent.  (*See id.* ¶ 15.)  Defendant, however, contests that it has ever approached Plaintiff, in California or elsewhere, regarding the '284 patent and contends that the other facts alleged by Plaintiff fail to establish significant ties to California.  (*See* Mot. to Transfer at 16.)

The Court agrees with Defendant.  First, as to Plaintiff's assertion that Defendant has contracted with companies in this District to sell products that practice its patents, Plaintiff has not introduced any facts suggesting that the instant declaratory judgment claims for noninfringement of the '284 patent somehow "arise out of" Defendant's alleged contracting in this District.  *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009); *see also Picturewall Co. v. Rice*, No. C 09-5442 PJH, 2010 WL 1753209, at *3–4 (N.D. Cal. Apr. 29, 2010) (holding prior attempts to market products in a forum are distinct in time and circumstance from present declaratory judgment claims for jurisdictional purposes).  Indeed, given that the '284 patent had been issued less than a week before Plaintiff filed the instant Complaint, it seems implausible that Defendant's prior contracting with companies in this District to sell products that practice its patents relates to Plaintiff's present declaratory judgment action.  *See Picturewall*, 2010 WL 1753209, at *4.

Second, regarding Plaintiff's assertion that Defendant has contacted Plaintiff's employees in this District about its patents, a patentee does not automatically subject itself to the personal jurisdiction of a forum by merely informing a party residing in that forum of suspected infringement.  *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998); *see also Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 (Fed. Cir. 2008).  In the context of a declaratory judgment action for patent noninfringement, the Federal Circuit has explained that, although communications regarding suspected infringement are "purposefully directed" at a forum and a declaratory judgment action "arises out of" those communications, such circumstances are not sufficient to create personal jurisdiction because doing so would not "comport with fair play and substantial justice."  *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003) (quoting *Red Wing Shoe Co.*, 148 F.3d at 1359–60); *see also Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) ("Other activities are required in order for a patentee to be subject to personal jurisdiction in the forum.").

Accordingly, had Defendant challenged venue in this District, the Court would have dismissed this action under Federal Rule of Civil Procedure 12(b)(3) or dismissed or transferred this action under 28 U.S.C. § 1406(a).  *See Skillnet Sols., Inc. v. Ent. Publ'ns, LLC*, No. C 11-4865 PSG, 2012 WL 692412, at

12(h)(1). Nonetheless, the Court may still transfer this action under Section 1404(a) if Defendant establishes the other requirements. *See, e.g.*, *Soc'y of Lloyd's v. Carter*, No. CIV. 02-452-M, 2003 WL 1191399, at *2 (D.N.H. Mar. 14, 2003) (considering motion to transfer venue under Section 1404 where venue challenge had been waived).

The Court also concludes, however, that this action could not originally have been brought in the District of Delaware. As Plaintiff notes, (*see* Opp'n at 10 (quoting *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12-cv-911-IE (WMC), 2012 WL 2068782, at *2 (S.D. Cal. June 8, 2012))), "[t]he phrase where an action 'could have been brought' is interpreted to mean that the proposed transferee court would have subject matter jurisdiction, proper venue, and personal jurisdiction." Although it is undisputed that the District of Delaware would have subject-matter jurisdiction, Plaintiff contests that the District of Delaware would have personal jurisdiction over Defendant, which would also render the District of Delaware an improper venue under 28 U.S.C. § 1391(c)(2). (*See* Opp'n at 10–11.) Defendant responds that it "markets and sells products in Delaware," "commenced the Delaware Action against Plaintiff's parent company in the District of Delaware," and "has contracted with companies in the District of Delaware to sell certain of CleveMed's products and services." (*See* Mot. at 9.) But for the same reasons the Court would have found venue in this District to be improper, *see supra* note 3, the Court concludes that Defendant has failed to establish that it has sufficient minimum contacts with the District of Delaware *related to the '284 patent* such that the District of Delaware would have personal jurisdiction over Defendant and, consequently, that the District of

---

*6 (N.D. Cal. Mar. 2, 2012) (transferring case pursuant to 28 U.S.C. § 1406(a) after determining that transfer under 28 U.S.C. § 1404(a) was inappropriate because venue was improper); *Thornton v. Toyota Motor Sales, U.S.A., Inc.*, 397 F. Supp. 476, 477 (N.D. Ga. 1975) ("Since venue is improper in this court, transfer under 28 U.S.C. § 1404(a) is foreclosed. . . . Therefore, the question now becomes whether the case should be dismissed or transferred under 28 U.S.C. § 1406(a)." (citations omitted)). Defendant, however, challenged only the Court's subject-matter jurisdiction under Rule 12(b)(1) and requested transfer under Section 1404(a). The Court therefore finds that Defendant has waived any challenge to the propriety of venue in this District. *See* Fed. R. Civ. P. 12(h)(1).

Delaware would be a proper venue. Accordingly, the Court **DENIES** Defendant's Motion to Transfer under 28 U.S.C. § 1404(a).

Nonetheless, the Court notes that Defendant is an Ohio corporation with its principal place of business in Cleveland, Ohio. (*See* Compl. ¶ 9.) If therefore appears that this case could originally have been brought in the United States District Court for the Northern District of Ohio, Eastern Division. *See* 28 U.S.C. § 115(a)(1). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Transfer to the extent Defendant wishes to renew its motion to seek transfer to the United States District Court for the Northern District of Ohio, Eastern Division. Any such motion **MUST BE FILED** within fourteen (14) days of the electronic filing of this Order.

### III. Motion for Jurisdictional Discovery

Finally, Defendant contends that, "to the extent Plaintiff challenges that Delaware is not a convenient or appropriate venue, jurisdictional discovery is necessary to determine to what extent each ResMed entity has had contact with the District of Delaware." (Mot. for Jx. Discovery at 17.) Jurisdictional "[d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). Nonetheless, whether to permit jurisdictional discovery is committed to the sound discretion of the trial court. *See id.* Because the Court determines that it is appropriate to order Plaintiff to show cause why this action should not be transferred to the United States District Court for the District of Delaware under the first-to-file rule, the Court **DENIES WITHOUT PREJUDICE AS MOOT** Defendant's Motion for Jurisdictional Discovery.

### ORDER TO SHOW CAUSE

Although the Court concludes that Defendant has failed to carry its burden to establish that transfer is appropriate under 28 U.S.C. § 1404(a), "[a] court may transfer an action under the first to file rule . . . either *sua sponte*, or upon motion of a party." *See*

*PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10-07576 MMM SSX, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (collecting cases). "The first-to-file rule is a principle of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *See id.* at *1 (first citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); then citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623, 625 (9th Cir. 1991); then citing *Certified Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. Comity works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers." *Id.* (quoting *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1980), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).

"Three factors are relevant in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* (first citing *Alltrade*, 946 F.2d at 625–26; and then citing *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998)). "Exceptions to the rule can be made in cases of bad faith, anticipatory suit, or forum shopping, or where the balance of convenience favors the later-filed action." *Id.* (citing *Greenline Indus., Inc. v. Agri-Process Innovations, Inc.*, No. C 08-2438 CW, 2008 WL 2951743, *3 (N.D. Cal. July 28, 2008)). "Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties and issues." *Id.* at *2 (collecting cases).

Given the similarity of the parties and issues in this action to those in the previously filed Delaware Action, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** why this action should not be transferred to the United States District Court for the District of Delaware, where the Delaware Action is pending, within <u>fourteen (14) days</u> of the electronic

docketing of this Order. Defendant **MAY FILE** a response to Plaintiff's submission within <u>twenty-eight (28) days</u> of the electronic docketing of this Order. Neither brief may exceed <u>fifteen (15) pages</u>.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Dismiss (*see* ECF No. 10 at 5–8), **DENIES WITHOUT PREJUDICE** Defendant's Motion to Transfer Venue (*see* ECF No. 10 at 8–17), **DENIES WITHOUT PREJUDICE AS MOOT** Defendant's Motion for Leave to Conduct Jurisdictional Discovery (*see* ECF No. 10 at 17–18), and **ORDERS** Plaintiff **TO SHOW CAUSE** in accordance with the above why this matter should not be transferred to the United States District Court for the District of Delaware under the first-to-file rule. *If, within <u>fourteen (14) days</u> of the electronic docketing of this Order, Plaintiff voluntarily dismisses this action or the Parties stipulate to the transfer of this action to the District of Delaware or the Northern District of Ohio, Eastern Division, no further response to the Court's Order to Show Cause will be required.*

**IT IS SO ORDERED.**

Dated: August 22, 2023

_____
Honorable Todd W. Robinson
United States District Judge