PAUL J. ANDRE (Bar No. 196585)
LISA KOBIALKA (Bar No. 191404)
JAMES HANNAH (Bar No. 237978)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Defendant*
Cleveland Medical Devices, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESMED CORP.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLEVELAND MEDICAL DEVICES, INC.,<br><br>　　　　Defendant. | Case No. 3:23-cv-00500-TWR-JLB<br><br>**DEFENDANT CLEVELAND MEDICAL DEVICES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF OHIO**<br><br>Date:　　November 9, 2023<br>Time:　　1:30 p.m.<br>Ctrm.:　　3A<br>Judge:　　Hon. Todd W. Robinson |

# I. INTRODUCTION

This action should be transferred to the Northern District of Ohio, because Ohio is more convenient than this District for the parties. Specifically, more witnesses for the parties are located in Ohio than in any other district; few, if any, witnesses are located in this District; and transfer would significantly reduce litigation costs for Defendant Cleveland Medical Devices ("CleveMed"). Indeed, CleveMed is incorporated and has its principal place of business in Ohio; all of CleveMed's employees and documents are located in Ohio; Plaintiff ResMed Corp. ("Plaintiff") conducts infringing business activities and maintains employees and a registered agent in Ohio; and Plaintiff's chief witness regarding the marketing, promotion and sales of the accused products is located in Ohio. Other important factors such as ease of access to sources of proof, the respective venues' interests in this action, and court congestion weigh in favor of transfer as well. Thus, because nearly all of the relevant factors are in favor of transfer, the Court should transfer this action to the Northern District of Ohio.

# II. ARGUMENT

Plaintiff does not deny that the first step of the transfer inquiry is satisfied, *i.e.*, that this action could have originally been brought in the Northern District of Ohio. Opp. at 5-6; *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1155 (S.D. Cal. 2005) (the transferor court must first determine whether the action "might have been brought" in the transferee court). As this Court itself noted, CleveMed resides in Ohio because it "is an Ohio corporation with its principal place of business in Cleveland, Ohio," and thus, "this case could originally have been brought in the United States District Court for the Northern District of Ohio, Eastern Division." Dkt. No. 17 at 11.

Turning to the second step of the transfer analysis, public and private interest factors of convenience and fairness further dictate transfer of this action to the Northern District of Ohio, as discussed below. *Saleh*, 361 F. Supp. 2d at 1155-56 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (further citation omitted).

### A. Transfer Would be Convenient Because Key Witnesses and Documents Are in the Northern District of Ohio

The Northern District of Ohio is the most convenient district for this action because it is where key witnesses and documents are located. This greater convenience for the witnesses is "the most important consideration in determining whether to transfer venue." *Am. GNC Corp. v. GoPro, Inc.*, No. 18-cv-00968-BAS-BLM, 2018 WL 6074395, at *17 (S.D. Cal. Nov. 6, 2018) (citations omitted); *see also, e.g.,* Opp. at 11-12. Here, "[b]ecause [CleveMed] is headquartered in [Ohio]—and many of its key witnesses are located there—this factor weighs in favor of transfer." *XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*, No. 3:21-cv-00105-BEN-DDL, 2022 WL 18110171, at *11 (S.D. Cal. Nov. 22, 2022). Indeed, Plaintiff's own analysis reveals that in the Delaware Action, the parties have deposed more witnesses located in Ohio than in this District. Opp. at 11 (four witnesses in San Diego, CA, and five witnesses in Ohio). Thus, to the extent Plaintiff claims any of its witnesses would be inconvenienced by transfer to the Northern District of Ohio, that is "substantially outweighed by the Northern District's convenience for the witnesses [CleveMed] identifies." *Am. GNC*, 2018 WL 6074395, at *18.

Transfer to the Northern District of Ohio would be convenient to Plaintiff as well. While Plaintiff generally claims that its "decisions . . . to . . . market[] and sell" are made in this District, ResMed's chief witness regarding marketing and sales of the accused products, Gregory Dench, resides in Ohio. Opp. at 11; Dkt. 18-11 at 3. Indeed, ResMed designated Mr. Dench for fourteen Rule 30(b)(6) topics in the Delaware Action, including topics related to marketing, promotion, sales, valuations, business plans and benefits concerning the accused products. Dkt. 18-11 at 3; Declaration of Lisa Kobialka in Support of CleveMed's Reply ("Kobialka Reply Decl.") filed herewith, Ex. 1. Additionally, Plaintiff has employees in Ohio to carry out management and sales positions. Dkt. No. 18-8 (ResMed's job postings for regional manager and regional sales support positions available in Ohio). Thus, Plaintiff has close ties to Ohio.

Moreover, the parties agree that Plaintiff's employees who will be "key witnesses to this action are all located in Australia," not this District. Opp. at 11. In any event, because the parties intend to depose witnesses where they are located and/or remotely, there is no travel inconvenience to these witnesses in Australia or any other witnesses located outside of Ohio for their depositions. *Id.* at 12. For this reason, any minor differences in travel time that Plaintiff claims exist between Cleveland and Australia, compared to San Diego and Australia (*i.e.*, about 20 hours versus about 17 hours) is irrelevant, since the witnesses in Australia would not need to travel for their depositions. *Id.*

Further, while Plaintiff argues that this District is "where decisions are made to import, market, and sell" its accused products, this District is not the location for the technical information concerning the accused products central to Plaintiff's noninfringement claim, such as "the witnesses and documents that disclose the history" of these products or their "design and development". *Id.* at 11; *Am. GNC*, 2018 WL 6074395, at *16-17 (finding the Northern District to be the more convenient district because "no design or development work related to the MEMS sensors took place in the Southern District"). Indeed, Plaintiff acknowledges that "[t]he design, research and development, and testing of the ResMed Accused Products took place in Sydney, Australia." Dkt. No. 14-1 at ¶ 3; Dkt. No. 1 at ¶ 4. Thus, by Plaintiff's own admission, design and development documents would not be found in this District.

Plaintiff's argument that "overall litigation costs will also be less expensive" in this District is incorrect. Opp. at 12. The parties agree that "litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions." *Id.* (citation omitted). Here, there are more witnesses in Ohio than in this District. Additionally, because CleveMed's employee witnesses are executives who do not regularly travel to this District, transfer is warranted to avoid "threat of disruption to [CleveMed's] business operations." *Am. GNC*, 2018 WL 6074395, at *18. Plaintiff's

3

DEFENDANT'S REPLY IN SUPPORT                    Case No. 3:23-cv-00500-TWR-JLB
OF ITS MOTION TO TRANSFER

argument that this threat of disruption is no different than that CleveMed would experience in the Delaware Action is merely a red herring. Opp. at 12. Not only does the argument not change that CleveMed would experience a threat of disruption its business operations were this action to continue in this District, but Delaware is also closer to Ohio in proximity than California and is located within the same time zone.

Therefore, because key documents, all of CleveMed's witnesses and ResMed's main marketing witness for this action are located in the Northern District of Ohio, this factor greatly weighs in favor of transfer.

### B. There is Greater Ease of Access to Sources of Proof in the Northern District of Ohio

There is greater ease of access to sources of proof in the Northern District of Ohio, where CleveMed and its documents are located, as opposed to this District. Plaintiff ignores that the most critical documents detailing Plaintiff's infringement – in particular design and development documents – would not be found in this District, as discussed above. Opp. at 12-13. Plaintiff also admits that, while it may keep some documents in this District, it also keeps relevant documents outside this District "in other locations in California, Georgia, Australia, and Singapore." *Id.* at 13. Plaintiff's argument that because CleveMed's lawyers and experts have inspected source code and ResMed's products in this District, sources of proof for this action are in this District, is misleading. *Id.* In the Delaware Action, ResMed's counsel has made these items available in ResMed's counsel's offices in this District (not at ResMed's offices). Thus, these items can instead be made available in the Northern District of Ohio for review and inspection. Because CleveMed's Ohio witnesses are custodians of thousands of documents relevant to this action, the parties have greater ease of access to sources of proof in the Northern District of Ohio. Thus, this factor weighs heavily in favor of transfer. *Am. GNC*, 2018 WL 6074395, at *20 ("Costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored.") (citation omitted).

4

### C. Ohio Has an Interest in Deciding this Dispute

Given that CleveMed is an Ohio corporation with its principal place of business in Ohio, Plaintiff, who is a Minnesota corporation, cannot dispute that Ohio has an interest in the dispute. While California has some interest in the outcome because Plaintiff's principal place of business is in the state, it does not outweigh the interest of Ohio where Plaintiff seeks and maintains employees (including its prime witness regarding marketing and sales), has a registered agent, and sells infringing products both online and in stores to Ohio residents. *Motorola Mobility, Inc. v. Microsoft Corp*., No. 11-3136 SC, 2011 WL 5834923, at *7 (N.D. Cal. Nov. 21, 2011) (factor neutral where defendants have principal place of business in Washington but also a significant presence in the Northern District of California). Moreover, because the design, research and development, and testing of the ResMed accused products took place in Sydney, Australia, this District does not have a strong local interest in this action. Opp. at 13-14; *Am. GNC*, 2018 WL 6074395, at *21 (finding this District did not have a strong interest in the dispute because no design or development work took place there, as "[a] strong local interest exists in the forum where the [infringer] designed and developed the accused products . . . .") (citation omitted).

Plaintiff fails to properly acknowledge how its ties to Ohio impact this factor, including that it conducts business and sells infringing products, has a registered agent for service of process, and has and seeks additional employees in Ohio. Opp. at 14; *P. Sci. Energetic Materials Co. (Arizona) LLC v. Ensign-Bickford Aerospace & Def. Co.*, No. CV-10-02252-PHX-JRG, 2011 WL 4434039, at *9 (D. Ariz. Sept. 23, 2011) ("Ensign–Bickford also has significant ties to the forum state. Ensign–Bickford is registered to do business in Arizona, has designated a registered agent for service of process in Arizona, and has employees who operate full-time out of an office in Arizona."). Plaintiff seeks to minimize its employees' ties to Ohio by suggesting it only "has a single employee working remotely out of his home," but this is false; Plaintiff also has employees in Ohio to carry out management and sales positions as mentioned above.

5

DEFENDANT'S REPLY IN SUPPORT                                  Case No. 3:23-cv-00500-TWR-JLB
OF ITS MOTION TO TRANSFER

*See* Dkt. No. 18-8. Moreover, this particular employee, Mr. Dench, is not just any employee, but rather ResMed's primary witness for marketing, promotion and sales of the accused products. While Plaintiff argues its sales of products in Ohio do "not establish a special connection between this lawsuit and Ohio" (Opp. at 14), this is not the law. *See Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12cv911–IEG (WMC), 2012 WL 2068728, at *5 (S.D. Cal. June 8, 2012) (holding sale of accused products in the district shows operative facts of contacts with the district); *see also Finjan, Inc. v. Sophos Inc.*, No. 14-cv-01197-WHO, 2014 WL 2854490, at *4 (N.D. Cal. June 20, 2014) (holding that sales of accused products may create a "meaningful connection" to the state within the context of transfer analysis).

Furthermore, contrary to Plaintiff's argument, its registered agent for service in Ohio is relevant because it demonstrates that Plaintiff carries out business activities in Ohio. Opp. at 14; *Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016) (finding defendant had minimum contacts with Delaware because defendant "registered to do business in Delaware and appointed an agent to accept service of process there"); *NXP B.V. v. Broadcom Corp.*, No. 2:13-cv-01883-GMN-NJK, 2014 WL 12703746, at *3 (D. Nev. Feb. 20, 2014) (parties' contacts with the forum weigh heavily in favor of transfer because both parties have connections to the Northern District of California – specifically, plaintiff's United States subsidiary and registered agent are located there). While Plaintiff attempts to distinguish *Acorda* because it relates to personal jurisdiction, the case is relevant because it directly finds that having a registered agent shows contacts with the forum. Thus, Plaintiff's registered agent in Ohio is an additional connection that Plaintiff has with Ohio, which supports Ohio's interest in this dispute.

In contrast, CleveMed has no ties to this District. CleveMed is not incorporated nor does it have any facilities in California. The only alleged facts that Plaintiff pleads to demonstrate CleveMed's contacts with California are that "[i]n connection with its

6

DEFENDANT'S REPLY IN SUPPORT  Case No. 3:23-cv-00500-TWR-JLB
OF ITS MOTION TO TRANSFER

business, Defendant CleveMed has targeted companies located in this District, including ResMed Corp.," and "Defendant CleveMed has contracted with companies in this District to sell certain of CleveMed's products, which CleveMed alleges practice its patents." Dkt No. 1 at ¶ 12.  This, however, does not establish significant ties to California.  *In re Toa Techs., Inc.*, 543 F. App'x 1006, 1009 (Fed. Cir. 2013) ("[I]n cases where there is a significant connection between a particular venue and a suit that the sale of a product in the plaintiff's preferred forum should not negate this factor being weighed in favor of transfer.") (citations omitted).

Further, CleveMed has not approached Plaintiff in any manner regarding the '284 Patent, so there is no connection to this District with respect to this patent.  While Plaintiff claims that "CleveMed contacted ResMed employees in this District" about CleveMed's patents and applications related to the '284 Patent, the two main Plaintiff witnesses involved in these communications, Michael Pinczuk and Paul Green, are located in Australia, not this District.  Opp. at 2; Dkt. No. 15-4 at 1; Dkt. 18-11 at 3.  Moreover, Plaintiff neglects to mention that Plaintiff previously had multiple communications with CleveMed and Midmark, a company based in Ohio that has an ownership interest in CleveMed, including in-person discussions in Ohio, regarding CleveMed's patented technology and potential partnership opportunities.  Kobialka Reply Decl., Ex. 2; *id.*, Ex. 3 at 18-19; *id.*, Ex. 4 at 5-7.  Thus, the parties' prior communications related to CleveMed's patents and technology have closer ties to Ohio than to this District.

For these reasons, CleveMed does not have strong ties to this District.  Tellingly, Plaintiff fails to cite any evidence to support these allegations.  For these reasons, this factor is at least neutral or favors transfer.

### D. Plaintiff's Choice to File in this District Should Not be Given Weight Because Plaintiff Had Improper Motives for Bringing this Action

Plaintiff's choice to file in this District should not be afforded weight in the transfer analysis given Plaintiff's improper motives.  By filing in this District, as opposed to

7

DEFENDANT'S REPLY IN SUPPORT                    Case No. 3:23-cv-00500-TWR-JLB
OF ITS MOTION TO TRANSFER

Delaware where the current action is pending or the Northern District of Ohio where the majority of witnesses and all of CleveMed's documents are located, Plaintiff deliberately pursued a forum with little connection to this action. CleveMed has virtually no ties to this District, and, in contrast, both parties have significant ties to the Northern District of Ohio as discussed above. Because "deference [to a plaintiff's choice of forum] is unwarranted where a plaintiff's manipulation would frustrate the purposes of the venue laws," no weight should be given to Plaintiff's choice of forum here. *See Digcom, Inc. v. Pantech Wireless, Inc.*, No. 3:13-cv-00177-RCJ-WGC, 2014 WL 4232573, at *2 (D. Nev. Aug. 26, 2014) (finding plaintiff's choice of forum does not "point towards retaining venue" because defendant has "no substantial contacts with this forum" and "the parties' contacts with the [transferee district] are far more significant than any contacts they may have with [plaintiff's choice forum]"). Like the defendant in *Digcom*, Plaintiff has no substantial connection with this District because the design, research and development, and testing of the accused products took place outside of this District.

Indeed, Plaintiff appears to have only brought this declaratory judgment action as a result of the Delaware Action, without any actual reasonable threat of litigation, which has the effect of unnecessarily duplicating litigations. This improper motive for bringing this action weighs in favor transfer. *See Inhale, Inc. v. Gravitron, LLC*, No. CV 18-3883 PSG (KSx), 2018 WL 5880192, at *4 (C.D. Cal. Sept. 5, 2018) ("[I]mportant considerations [for transfer] are whether the suit was filed in bad faith or for harassment."); Dkt. No. 10-9, *Funrise, Inc. v. The Vons Cos.*, No. 19-cv-1223 DMS (MSB), Dkt. No. 19-1 at 5 (S.D. Cal. Oct. 18, 2019) (granting motion to transfer because of circumstantial evidence of forum shopping); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982) (affirming dismissal of declaratory judgment action where the accused infringer's "action multiplies litigation. It does not shield [the infringer] from an unfair threat of an infringement action, but attempts to remove ongoing litigation from the forum chosen by the plaintiff"); *see also Bomanite Corp. v. Newlook Int'l, Inc.*, No.

1:07-cv-01640-OWW-SMS, 2008 WL 1767037, at *10-11 (E.D. Cal. Apr. 16, 2008) (plaintiff's filing of suit in anticipation of litigation weighs in favor of transfer).

Plaintiff's improper motives are illuminated by its transparent efforts to avoid bringing this action in the District of Delaware, where the Delaware Action involving related patents and issues is taking place, or the Northern District of Ohio, where both parties have significant contacts with the forum. Significantly, this Court itself recognized each of these districts as appropriate forums for this action, as it permitted CleveMed to bring this motion to transfer to the Northern District of Ohio and, "[g]iven the similarity of the parties and issues in this action to those in the previously filed Delaware Action," ordered Plaintiff to "show cause why this action should not be transferred to the United States District Court for the District of Delaware, where the Delaware Action is pending." Dkt. No. 17 at 11-13.

Plaintiff's improper motives are further confirmed by decisions made within the past month by the District of Delaware and the Patent Trial Appeal Board (PTAB). Specifically, the District of Delaware denied ResMed's motion to dismiss the complaint in the Delaware Action based on its argument that Plaintiff not ResMed Inc. is the proper party, finding that "ResMed conceded to being the appropriate party [in the action filed by NYU] for certain of the same products accused in [the Delaware] action," such that the Court "cannot conclude at this stage that ResMed Inc. is an improper party." Kobialka Reply Decl., Ex. 5 (Delaware Action, D.I. 163 at 13-14). In addition, the PTAB denied institution of ResMed's petition for *inter partes* review of the '269 Patent given the pending Delaware Action, in part based on "sufficient evidence in the record that the [Plaintiff] and the defendant in the [Delaware Action, *i.e.*, ResMed, Inc.] are closely related, and indeed, [ResMed, Inc.] is named as [a real-party-in-interest] here." Kobialka Reply Decl., Ex. 6 at 15-16. Consistent with these decisions, Plaintiff's attempt here to play games with its entity status by filing suit in this District to gain tactical advantage should not be entertained.

DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION TO TRANSFER

Case No. 3:23-cv-00500-TWR-JLB

Plaintiff's claim that CleveMed engaged in forum shopping is a red herring. Opp. at 8. CleveMed did not forum shop—it properly brought the Delaware Action where Plaintiff's parent company resides. Indeed, in filing a patent infringement suit, the analysis for proper venue looks to where the defendant resides. 28 U.S.C.A. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides."). Moreover, whether CleveMed engaged in forum shopping is irrelevant to the transfer analysis, let alone this factor. Thus, Plaintiff's arguments lack merit. These facts, in the aggregate, substantially detract from Plaintiff's choice of forum and weigh in favor of transfer. *Am. GNC*, 2018 WL 6074395, at *15.

E. **The Parties Would Face Less Court Congestion in the Northern District of Ohio**

The parties would face fewer administrative difficulties resulting from court congestion in the Northern District of Ohio. Since 2018, the Northern District of Ohio has had a consistently shorter median time to civil trial than this District, with margins in the past years being as large as an approximate 14.5 month difference between the two courts. Thus, Plaintiff's argument that "median time to civil trial is relatively comparable" is false. Opp. at 15; *see also* Kobialka Reply Decl., Ex. 7 (Federal Courts Management Statistics). Given this disparity regarding time to trial, Plaintiff's statistics regarding cases pending are irrelevant. Opp. at 15. Even if time to disposition should be considered over time to trial, this factor should still be at least neutral where time to disposition and time to trial statistics provide different weight to this factor. *Eli Lilly and Co. v. Genentech, Inc.*, No. 13-CV-0919 YGR, 2013 WL 4396718, at *5 n.3 (N.D. Cal. Aug. 13, 2013) (finding this factor neutral where "the trial figures favor transfer while the disposition figures disfavor it") (citation omitted).

III. **CONCLUSION**

For the forgoing reasons, CleveMed respectfully requests that the Court transfer this action to the Northern District of Ohio.

Respectfully submitted,

Dated: October 19, 2023      By: *s/ Lisa Kobialka*
Paul J. Andre (Bar No. 196585)
Lisa Kobialka (Bar No. 191404)
James Hannah (Bar No. 237978)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Defendant*
Cleveland Medical Devices, Inc.