# Exhibit 4

*HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLEVELAND MEDICAL DEVICES, INC., an Ohio Corporation, <br><br> Plaintiff, <br><br> v. <br><br> RESMED INC., a Delaware Corporation, <br><br> Defendant. | C.A. No. 22-794-GBW |

**DEFENDANT RESMED INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO PLAINTIFF CLEVELAND MEDICAL DEVICES INC.'S
SECOND SET OF INTERROGATORIES (NOS. 6-11)
(Supplementing Interrogatory Nos. 6, 11)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant ResMed Inc. ("Defendant" or "ResMed") hereby supplements its response to Plaintiff Cleveland Medical Devices Inc.'s ("Plaintiff" or "CleveMed") Second Set of Interrogatories. ResMed's responses are made without waiving or intending to waive any objections as to the following, all of which are expressly reserved:

(A)   All questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in this litigation or any other matter;

(B)   The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding associated with this litigation or any other matter; and

(C)   The right to object on any ground at any time to other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatories.

1

**Exhibit 4
Pg. 31**

*HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY*

limits and search terms. ResMed will produce non-privileged, relevant ESI following the entry of an agreed stipulation or Order as to ESI discovery protocols.

14. ResMed objects generally to these interrogatories to the extent they seek discovery of ESI from sources that are not reasonably accessible in light of the burdens and costs required to locate, restore, review and produce whatever responsive information may be found. More easily accessed sources, such as active servers, hard drives and other direct access storage media containing active data and records that are responsive to CleveMed's interrogatories and/or requests for production, are likely to yield all the information that is reasonably useful for this litigation. Further, production of information from some of the inaccessible sources may also be unreasonably cumulative and duplicative because information that might be obtained is also obtainable, to the extent it exists, from other sources that are more convenient, less burdensome, or less expensive.

15. No incidental or implied admissions are intended by the responses herein. The fact that ResMed has answered or objected to any interrogatory should not be taken as an admission that ResMed accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that ResMed has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by ResMed of any part or any objection to any interrogatory.

Subject to the foregoing General Statement and Objections, ResMed responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 6:**

Describe in detail any communications between You and Midmark concerning CleveMed, CleveMed's business, CleveMed's patents or patent applications or CleveMed's technology, including the date and substance of the communications, the persons involved communications and any information exchanged as part of the communications.

*HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY*

**RESPONSE TO INTERROGATORY NO. 6:**

ResMed objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates those objections by reference as if fully set forth herein.  ResMed objects to this interrogatory in that the information sought is not relevant to any party's claims or defenses nor is it proportional to the needs of the case, and that the burden and expense of the proposed discovery outweighs its likely benefit.  ResMed objects to this interrogatory to the extent that it seeks Non-U.S. Data or information that is otherwise not reasonably accessible for the reasons provided above in General Objection No. 12.  ResMed objects to the definition of "Midmark" as vague, ambiguous, overly broad and unduly burdensome, as it would require ResMed to respond with a description of any communications with "Midmark corporation, its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors and any other person acting on its behalf, pursuant to its authority or subject to its control, including any and all joint ventures or other legal entities of any type whatsoever in which Midmark owns or owned an interest, receives or received any payments, and/or participated or now participates in any manner." ResMed is not in possession of information that allows ResMed to determine the extent of third party Midmark's associations with any of these categories of individuals and/or organizations or that are subject to Midmark Corporation's control or who act under Midmark Corporation's authority.  ResMed objects to this interrogatory as unduly burdensome in that it seeks "any communications" and is unbounded by time.  ResMed objects to this interrogatory because ResMed Inc. is not the proper entity to which this interrogatory should be directed.

Exhibit 4
Pg. 33

Subject to and without waiving the foregoing general and specific objections, ResMed responds as follows:

ResMed is willing to meet and confer to better understand the relevancy of this unduly burdensome request. ResMed reserves the right to amend or supplement this response as discovery and inquiry continue.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (4/24/2023):**

ResMed incorporates its above objections and responses and further responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ResMed has produced documents from which CleveMed may ascertain the information sought by this interrogatory, as Bates Nos. range RMD-090961 - RMD-092464. ResMed reserves the right to amend or supplement this response as discovery and inquiry continue.

**INTERROGATORY NO. 7:**

Identify each entity or individual, including any of Your related entities, subsidiaries, predecessors in interest, successors in interest, divisions, servants, agents, and/or any third parties, involved in the research, development, testing, design, making, manufacture, assembly, production, use, importation, exportation, supply, distribution, marketing, advertising, promotion, sale and purchase of the Accused Products, and describe in detail the nature of the involvement.

**RESPONSE TO INTERROGATORY NO. 7:**

ResMed objects to this interrogatory on the grounds set forth in its General Statement and Objections above, and hereby incorporates those objections by reference as if fully set forth herein. ResMed objects to this interrogatory as overly broad and unduly burdensome in that it seeks the identification of every "entity or individual, including any of Your related entities, subsidiaries, predecessors in interest, successors in interest, divisions, servants, agents, and/or any third parties." ResMed objects to this interrogatory in that it is unbounded by time.

*HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY*

ResMed is willing to meet and confer to better understand this vague and overly broad request. ResMed reserves the right to amend or supplement this response as discovery and inquiry continue.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (4/7/2023):**

ResMed incorporates its above objections and responses and further responds as follows: Pursuant to Fed. R. Civ. P. 33(d), ResMed will produce documents from which the information sought by this interrogatory may be obtained, to the extent they exist and can be located following a reasonable search.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (4/24/2023):**

ResMed incorporates its above objections and responses and further responds as follows: Pursuant to Fed. R. Civ. P. 33(d), ResMed has produced documents from which the information sought by this interrogatory may be ascertained, as Bates Nos. range RMD-093478 – RMD-120985. ResMed reserves the right to amend or supplement this response as discovery and inquiry continue.

| | |
|---|---|
| Dated: April 24, 2023 | Respectfully submitted, |
| Sean Cunningham (admitted *Pro Hac Vice*)<br>Tiffany Miller (admitted *Pro Hac Vice*)<br>David R. Knudson (admitted *Pro Hac Vice*)<br>**DLA PIPER LLP (US)**<br>4365 Executive Drive, Suite 1100<br>San Diego, California 92121<br>Telephone: 858-677-1400<br>Facsimile: 858-677-1401<br>sean.cunningham@dlapiper.com<br>tiffany.miller@dlapiper.com<br>david.knudson@dlapiper.com | /s/ *Angela C. Whitesell*<br>Brian A. Biggs (Bar No. 5591)<br>Angela C. Whitesell (Bar No. 5547)<br>**DLA PIPER LLP (US)**<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801-1147<br>Telephone: 302.468.5700<br>Facsimile: 302.394.2341<br>brian.biggs@us.dlapiper.com<br>angela.whitesell@us.dlapiper.com<br><br>*Attorneys for Defendant ResMed Inc.* |

*HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY*

    Nancy C. Braman (admitted *Pro Hac Vice)*
    **DLA PIPER LLP (US)**
    33 Arch Street 26th Floor
    Boston, Massachusetts 02110-1447
    Telephone: 617-406-6000
    Facsimile: 617-406-6100
    nancy.braman@dlapiper.com

*HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY*

# CERTIFICATE OF SERVICE

I, Angela C. Whitesell, hereby certify that on this 24th day of April, 2023, a copy of **DEFENDANT RESMED INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF CLEVELAND MEDICAL DEVICES INC.'S SECOND SET OF INTERROGATORIES (NOS. 6-11)** was served upon the following counsel of record via electronic mail:

| | |
|---|---|
| Philip A. Rovner<br>Jonathan A. Choa<br>**POTTER ANDERSON & CORROON LLP**<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, Delaware 19801<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com<br><br>Benu Wells<br>**KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>1177 Avenue of the America<br>New York, NY 10036<br>(212) 715-7590<br>bwells@kramerlevin.com | Paul J. Andre<br>Lisa Kobialka<br>James Hannah<br>Timothy Layden<br>Sabah Khokhar<br>**KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>(650) 752-1700<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com<br>jhannah@kramerlevin.com<br>tlayden@kramerlevin.com<br>skhokhar@kramerlevin.com |

*/s/ Angela C. Whitesell*
Angela C. Whitesell (DE Bar No. 5547)